1   MICHAEL P. VERNA (# 84070)
    NATHANIEL B. DUNCAN (#254639)
2   JEANNE YANG (#280410)
    BOWLES & VERNA LLP
3   2121 N. California Blvd., Suite 875
    Walnut Creek, CA 94596
4   Telephone: (925) 935-3300
    Facsimile: (925) 935-0371
5   Email: mverna@bowlesverna.com

6   Attorneys for Plaintiffs
    Hector Machorro, Jr. and Younga Jun Machorro,
7   Individually and as Guardians Ad Litem of Minor
    Benjamin Hyo-Ik Machorro
8

9
                    IN THE UNITED STATES DISTRICT COURT                    **EDL**
10
                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
11

12                                                     **CV  13  3986**
    HECTOR MACHORRO, JR. and YOUNGA JUN     Case No.
13  MACHORRO, individually and as Guardians Ad
    Litem and Parents of Minor BENJAMIN HYO-IK   **COMPLAINT FOR DAMAGES**
14  MACHORRO,
                                                  **DEMAND FOR JURY TRIAL**
15
                    Plaintiffs,
16
                    v.
17
    ASIANA AIRLINES, INC.,
18
                    Defendant.
19

20       Plaintiffs HECTOR MACHORRO, JR. and YOUNGA JUN MACHORRO, individually and as

21  Guardians Ad Litem and Parents of Minor child BENJAMIN HYO-IK MACHORRO, through their

22  undersigned attorneys, allege as follows:

23                          **I.      JURISDICTION**

24      1.  This Court has jurisdiction over the subject matter of this case pursuant to Article 33 of the

25          Convention for the Unification of Certain Rules for International Carriage by Air Montreal,

26          May 28, 1999 (hereafter the "Montreal Convention"), which both the United States of America

27          and the Republic of Korea have signed and adopted. Specifically, under Article 33(1) and (2) of

28          the Montreal Convention, Plaintiffs YOUNGA JUN MACHORRO and her minor son

1    BENJAMIN HYO-IK MACHORRO purchased their tickets for the subject flights in this

2    District (and Defendant has a place of business and does business in this District); the place of

3    ultimate destination in the contracts of carriage of Plaintiffs YOUNGA JUN MACHORRO and

4    her minor son BENJAMIN HYO-IK MACHORRO was San Francisco International Airport,

5    located in this District; and the principal and permanent residence of Plaintiffs YOUNGA JUN

6    MACHORRO and her minor son BENJAMIN HYO-IK MACHORRO is in this District, to

7    which Defendant operates services for the carriage of passengers by air. As the Montreal

8    Convention is a treaty of the United States, this Court has subject matter jurisdiction over this

9    case under 28 U.S.C.A § 1331.

10                                          **II.     VENUE**

11   2. Venue in the Northern District of California, San Francisco Division, is proper pursuant to 28

12      U.S.C. 1398(a) and Local Rule 3-2 because a substantial part of the events and omissions

13      giving rise to the claims as alleged herein occurred in this District.

14                                        **III.    PARTIES**

15   3. Plaintiffs restate and hereby incorporate by reference the allegations of each of the above

16      paragraphs.

17   4. Plaintiffs HECTOR MACHORRO, JR. (hereafter "HECTOR") and his natural minor son,

18      BENJAMIN HYO-IK MACHORRO (hereafter "BENJAMIN") are citizens of the United

19      States of America and maintain their principal and permanent residence in this District.

20   5. Plaintiff YOUNGA JUN MACHORRO (hereafter "YOUNGA") is a citizen of the Republic of

21      Korea but was issued a Permanent Resident Card by the United States of America on

22      September 9, 2005 and has maintained her principal and permanent residence in this District

23      ever since. She is the wife of HECTOR and natural mother of minor son BENJAMIN.

24   6. Plaintiffs YOUNGA and her minor son, BENJAMIN, were passengers on board Asiana

25      Airlines Flight No. OZ 214 bound for San Francisco, California when it crashed on July 6,

26      2013 at San Francisco International Airport (hereafter "ASIANA Crash"). YOUNGA and

27      BENJAMIN suffered, and continue to suffer, from extreme bodily and mental injuries and

28      economic losses as a direct result thereof.

1    7. Plaintiff HECTOR has lost, and will continue to lose, the comfort and consortium of his wife,

2       YOUNGA, as a direct result of the crash and has suffered, and continues to suffer, damages

3       therefrom.

4    8. Defendant ASIANA AIRLINES, INC. (hereafter "ASIANA") is registered as a business entity

5       with the California Secretary of State, with an active status. ASIANA routinely engages in

6       continuous and systematic business in this District, sufficient to subject it to personal

7       jurisdiction of this Court. ASIANA'S principal place of business is in Seoul, Republic of

8       Korea.

9    9. At all material times, ASIANA entered into the contracts of carriage with Plaintiffs YOUNGA

10      and her minor son BENJAMIN and was in control of, and responsible for, their safe transport

11      from Seoul, Republic of Korea to San Francisco, California.

12                      **IV.    GENERAL ALLEGATIONS**

13    10. Plaintiffs restate and hereby incorporate by reference the allegations of each of the above

14       paragraphs.

15    11. On July 6, 2013, Asiana Flight No. OZ 214 (hereafter "Flight 214") departed Incheon

16       International Airport, South Korea at 5:04 p.m. KST (08:04 UTC) for a transpacific flight to

17       San Francisco International Airport, California, USA (hereafter "SFO"). The aircraft in use was

18       a Boeing 777-200ER, Registration No. HL7742 (hereafter "Subject Aircraft"), with 307 total

19       souls on board, including both crew and passengers. YOUNGA and BENJAMIN were among

20       the passengers on board.

21    12. This fateful flight did not reach its destination safely. The Asiana Crash occurred at

22       approximately 11:26 a.m. PDT (18:26 UTC) on July 6, 2013, when the Subject Aircraft landed

23       short of Runway 28L's threshold at SFO and struck the seawall that projects into San Francisco

24       Bay, separating the tail section of the Subject Aircraft from the aircraft's fuselage and causing

25       passengers, including Plaintiffs, to be violently thrown about the cabin and to suffer extreme

26       and catastrophic injuries and emotional distress, as well as causing the deaths of three Chinese

27       passengers.

28    13. The Asiana Crash occurred due to the gross negligence and recklessness of the ASIANA flight

1    crew on Flight 214, in woeful violation of numerous international and United States airline

2    industry standards and established flight rules. Among a extensive litany of errors and

3    omissions, the Flight 214 flight crew failed to observe the most fundamental procedures for a

4    visual landing approach into SFO, failed to appropriately monitor flight conditions on

5    approach, and failed to communicate and react in the cockpit to those flight conditions.

6    14. Moreover, the flight crew of Flight 214 was inadequately trained and supervised by ASIANA

7    and failed to comply with the most rudimentary cockpit resource management protocols.

8    15. Defendant's failures constituted a gross, wanton, and willful disregard for the rights and safety

9    of all passengers aboard Flight 214 and needlessly caused injuries, damages, and deaths to

10   innocent passengers.

11                                **FIRST CAUSE OF ACTION**
                                 **(Montreal Convention Article 17)**

12

13   16. Plaintiffs restate and hereby incorporate by reference the allegations of each of the above

14   paragraphs.

15   17. Pursuant to Article 17 of the Montreal Convention, Defendant ASIANA is absolutely liable for

16   damages sustained by Plaintiffs YOUNGA and her minor son BENJAMIN as passengers

17   aboard Flight 214, as said injuries and damages occurred while they were on board the Subject

18   Aircraft and/or in the course of the operations of disembarking from the Subject Aircraft.

19   Defendant ASIANA is also liable for loss of consortium and other damages suffered by

20   Plaintiff HECTOR in that said claims derive from damages suffered by Plaintiff YOUNGA.

21   18. Defendant ASIANA was in exclusive control of Flight 214 and owed non-delegable duties to

22   all passengers for its safe operation at all modes of flight, including the landing approach into

23   SFO on July 6, 2013.

24   19. Defendant ASIANA breached those duties by failing to observe the most fundamental

25   procedures for a visual landing approach into SFO, failing to appropriately monitor flight

26   conditions on approach, and failing to communicate and react in the cockpit to those flight

27   conditions.

28   20. As a direct and proximate result of Defendant ASIANA's acts and omissions that caused the

                                        4

1    ASIANA crash, plaintiffs were seriously injured and damaged as alleged herein and will

2    continue to suffer from their physical, mental, and economic injuries for the foreseeable future.

3    21. The ASIANA Crash occurred due to the negligence, wrongful acts and omissions of Defendant

4    ASIANA and its servants and agents, and not due to the sole negligence or other wrongful act

5    or omission of any third party.

6         WHEREFORE, Plaintiffs pray for judgment as fully set forth herein.

7                          **SECOND CAUSE OF ACTION**
                                **(Gross Negligence)**
8

9    22. Plaintiffs restate and hereby incorporate by reference the allegations of each of the above

10   paragraphs.

11   23. The ASIANA Crash occurred due to the gross negligence and recklessness of the ASIANA

12   flight crew on Flight 214 and the inadequate training and supervision provided to said crew by

13   ASIANA as hereinabove alleged.

14   24. As a direct and proximate result of Defendant's acts and omissions that caused the ASIANA

15   Crash, Plaintiffs were severely injured and damaged as alleged herein, and will continue to

16   suffer from their physical, mental, and economic injuries for the foreseeable future.

17        WHEREFORE, Plaintiffs pray for judgment as fully set forth herein.

18                          **THIRD CAUSE OF ACTION**
                     **(On Behalf of HECTOR MACHORRO, JR.)**

19   25. Plaintiffs restate and hereby incorporate by reference the allegations of each of the above

20   paragraphs.

21   26. Before the ASIANA Crash, YOUNGA was able to and did perform all the duties of a wife and

22   mother, including assisting in maintaining the home, caring for the couple's child, working to

23   help support the family, and providing support and comfort to her husband, HECTOR.

24   27. As a direct and proximate result of the injuries, damages, and mental distress and suffering

25   from the ASIANA Crash, YOUNGA has been unable to perform the duties as hereinabove

26   cited and will continue to be unable to fully perform those duties for the foreseeable future.

27                               **PRAYER FOR RELIEF**

28

                                          5

1    Plaintiffs pray for judgment against Defendants as follows:

2    A. Damages to be awarded in an amount to be determined at trial, including general, special,

3        and compensatory damages, but no less than $5,000,000;

4    B. Prejudgment interest;

5    C. Costs incurred in bringing this suit;

6    D. Such other and further relief as the Court may deem just and proper.

7
     Dated: July 15, 2013                          BOWLES & VERNA LLP
8

9

10                                            By: _____
                                                  MICHAEL P. VERNA
11                                                Attorneys for Plaintiffs
                                                  HECTOR MACHORRO, JR. and YOUNGA
12                                                JUN MACHORRO, individually and as
                                                  Guardians ad Litems and Parents of
13                                                BENJAMIN HYO-IK MACHORRO

14

15                              **DEMAND FOR JURY TRIAL**

16   Plaintiffs hereby demand a trial by jury for all claims for which a jury trial is available pursuant

17   to Federal Rules of Civil Procedure Sections 38(a) and (b).

18   Dated: July 15, 2013                          BOWLES & VERNA LLP

19

20                                            By: _____
21                                                MICHAEL P. VERNA
                                                  Attorneys for Plaintiffs
22                                                HECTOR MACHORRO, JR. and YOUNGA
                                                  JUN MACHORRO, individually and as
23                                                Guardians ad Litems and Parents of
                                                  BENJAMIN HYO-IK MACHORRO
24

25

26

27

28

                                        6
                              DEMAND FOR JURY TRIAL