UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: AIR CRASH AT SAN FRANCISCO,
CALIFORNIA, ON JULY 6, 2013  MDL No. 2497

ORDER DENYING MOTION FOR RECONSIDERATION

**Before the Panel**[*] Plaintiffs in an action formerly pending in the Northern District of Illinois (*Yang*) seek reconsideration of the Panel's initial transfer order centralizing this litigation in the Northern District of California. Alternatively, plaintiffs request Section 1407 remand of the *Yang* action to the Northern District of Illinois. Defendant The Boeing Company (Boeing) opposes plaintiffs' motion in its entirety.

Plaintiffs' motion admittedly arises in a unique procedural context—shortly after the *Yang* action (which was the sole action pending outside of the Northern District of California) was transferred to the Northern District of California, the Northern District of Illinois court issued an order remanding seven substantially similar actions to state court. If *Yang* were not transferred to the MDL proceedings, plaintiffs argue that it likely would face a similar fate.[1]

After considering all argument of counsel, we find that plaintiffs have not presented sufficient circumstances to justify reconsideration of the Panel's order establishing this MDL. Granting reconsideration of our initial transfer order is a very rare (and perhaps unprecedented) event that we do not find appropriate here. We understood all of the parties' arguments at the time of transfer. *See generally Delaware Valley Floral Group, Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1384 (Fed. Cir. 2010) (noting that motions to reconsider are "appropriate where the Court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension.... Such problems rarely arise and the motion to reconsider should be equally rare.") (internal quotations and citations omitted); *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). Plaintiffs have not persuaded us that reconsideration of our informed decision to centralize this litigation is warranted.

Centralization was appropriate when our original transfer order issued, as the litigation met the statutory criteria for transfer. That a remand motion was pending in *Yang* at the time of transfer was not an impediment to centralization. *See, e.g., In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990)("[T]he

---

[*] Judges Paul J. Barbadoro and Lewis A. Kaplan did not participate in the disposition of this matter.

[1] Boeing has moved to reconsider the Northern District of Illinois court's remand ruling, which is currently under submission. We express no opinion on the merits of Boeing's motion to reconsider.

- 2 -

MDL Panel has jurisdiction to transfer a case in which a jurisdictional objection is pending"); *Grispino v. New England Mut. Life Ins. Co.*, 358 F.3d. 16, 19 (1st Cir. 2004) (plaintiff's jurisdictional objection did not deprive the MDL the ability to transfer the case). Denying reconsideration also preserves the ability to effect Section 1407 transfer of the remaining Northern District of Illinois cases (in the event that reconsideration of the remand ruling is granted) or any other cases that may be filed in other districts, without the need to revisit whether centralization is appropriate—a question on which all parties originally agreed.

We also will deny plaintiffs' request for Section 1407 remand of *Yang* absent a suggestion of remand from the transferee judge. Plaintiffs concede that they did not seek a suggestion of remand, but they argue that they did not need to do so in these unique circumstances. In keeping with the Panel's longstanding practice of deferring to the judgment of the transferee judge, we are of the view that the transferee judge should decide whether Section 1407 remand is appropriate. The transferee judge may wish to simply wait until the Northern District of Illinois court has ruled on the motion for reconsideration to take any action with respect to *Yang*. If reconsideration is not granted and the Northern District of Illinois cases are remanded to state court, then the transferee judge may find it desirable to suggest Section 1407 remand of *Yang* so that Boeing's promised appeal can proceed before the Seventh Circuit. Or the transferee judge may choose to rule on the remand motion without remanding *Yang* to the transferee court. Moreover, if the Northern District of Illinois court were to grant reconsideration, the *Yang* action would be part of the MDL already and re-transfer of the action would be unnecessary. Regardless, how to proceed with respect to *Yang* is best dedicated to the sound discretion of the transferee judge.

IT IS THEREFORE ORDERED that the motion for reconsideration and the alternative request for Section 1407 remand are denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Marjorie O. Rendell     Charles R. Breyer
Sarah S. Vance     Ellen Segal Huvelle