**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE:** | **MDL No.: 2497** |
| **AIR CRASH AT SAN FRANCISCO, CALIFORNIA, ON JULY 6, 2013** | **ORDER SETTING INITIAL CONFERENCE, DENYING MOTION TO STAY, SETTING BRIEFING ON MOTION TO REMAND** |
| | **THIS DOCUMENT RELATES TO: ALL CASES** |

*Preamble*. The Court wishes to express clearly its expectation that professionalism, courtesy, and civility will endure throughout these proceedings. The Manual for Complex Litigation, Fourth at section 10.21 captures the spirit in these terms:

> The added demands and burdens of complex litigation place a premium on attorney professionalism, and the judge should encourage counsel to act responsibly. The certification requirements of Federal Rules of Civil Procedure 11 and 26(g) reflect some of the attorneys' obligations as officers of the court.

Because of the high level of competence and experience that attorneys ordinarily bring to this type of litigation, the Court is confident that this objective will be achieved without judicial intervention.

The Court **HEREBY ORDERS**:

*1.     Initial Conference.*  All parties shall appear for a conference with the undersigned on **April 11, 2014** at **10:00 a.m.** in Courtroom 1, United States Courthouse, Ronald V. Dellums Federal Building, 1301 Clay Street, Oakland, California.

   *a.     Attendance.*  To minimize costs and facilitate a manageable conference, parties are not required to attend the conference, and parties with similar interests are expected to agree to the extent practicable on a single attorney to act on their joint behalf at the conference. A

party will not, by designating an attorney to represent its interests at the conference, be precluded from other representation during the litigation; and attendance at the conference will not waive objections to jurisdiction, venue, or service.

    *b.*    *Other Participants*.  Persons who are not named as parties in this litigation but may later be joined as parties or are parties in related litigation pending in other federal and state courts are invited to attend in person or by counsel.

    *c.*    *List of Counsel Intending to Appear*:  To assist the Court with managing attorney appearances, counsel for all parties should confer and file a joint list of counsel who will appear at the case management conference no later than Monday, April 7, 2014.  *See In re Lithium Ion Batteries Antitrust Litigation*, MDL No. 2420, Dkt. No. 130 (Joint List of Counsel Appearing at the April 3, 2013 Case Management Conference).

**2.**    ***Purposes and Agenda***.  The conference will be held for the purposes specified in Fed. R. Civ. P. 16(a), 16(b), 16(c), and 26(f) and subject to the sanctions prescribed in Rule 16(f).  More particularly, for this initial conference, a tentative agenda is appended as Attachment A.  The Court anticipates additional conferences will be required to address additional issues such as those appended as Attachment B.  However, the Court will entertain counsel's requests to address other items not specifically on Attachment A.  Any such requests must be filed by April 1, 2014.

**3.**    ***Preparations for Conference.***

    *a.*    *Procedures for Complex Litigation*.  Counsel are expected to familiarize themselves with the Manual for Complex Litigation, Fourth and be prepared at the conference to suggest procedures that will facilitate the just, speedy, and inexpensive resolution of this litigation.

    *b.*    *Initial Conference of Counsel*.  Before the conference, counsel shall confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan under Rule 26(f) and a suggested schedule under Rule 16(b) for joinder of parties, amendment of pleadings, consideration of any class action allegations, motions, and trial.

     *c.*    <u>*Joint Preliminary Statement*</u>.  Counsel shall submit to the Court by April 1, 2014, a preliminary statement.  Plaintiffs and Defendants shall each be limited to one such submission per side.  The statement shall include:

        i.   Each group's preliminary understanding of the facts involved in the litigation and the critical factual and legal issues;

       ii.   A list of all pending motions;

      iii.   A list of all related cases pending in state or federal court and their current status, to the extent known; and

      iv.   A proposed schedule.

     *d.*    <u>*List of Affiliated Companies and Counsel*</u>.  To assist the Court in identifying any problems of recusal or disqualification, counsel will submit to the Court by April 1, 2014, a list of all companies affiliated with the parties and all counsel associated in the litigation.

**4.**    ***Interim Measures***.  Until otherwise ordered by the court:

     *a.*    <u>*Admission of Counsel*</u>.  Attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation.  Association of local co-counsel is not required.

     *b.*    <u>*Pleadings*</u>.  Each defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set at the initial conference.

     *c.*    <u>*Pending and New Discovery*</u>.  Pending the conference, all outstanding disclosure and discovery proceedings are stayed and no further discovery shall be initiated.  This order does not (1) preclude voluntary informal discovery regarding the identification and location of relevant documents and witnesses; (2) preclude parties from stipulating to the conduct of a deposition that has already been scheduled; (3) prevent a party from voluntarily making disclosures, responding to an outstanding discovery request under Federal Rule of Civil Procedure 33, 34, or 36; or (4) authorize a party to suspend its efforts in gathering information needed to respond to a request under Rule 33, 34, or 36.  Relief from this stay may be granted for good cause shown, such as the ill health of a proposed deponent.

      d.     *<u>Preservation of Records</u>*.  All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action.  The duty extends to documents, data, and tangible things in the possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action.  "Documents, data, and tangible things" shall be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, E-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition.  Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation.  Counsel is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and non-parties, including employees of corporate or institutional parties.

      e.     *<u>Motions</u>*.  No motion shall be filed under Rule 11, 12, or 56 without leave of court and unless it includes a certificate that the movant has conferred with opposing counsel in a good-faith effort to resolve the matter without court action.

      f.     *<u>Orders of Transferor Courts</u>*.  All orders by transferor courts imposing dates for pleading or discovery are vacated.

**5.**     ***Later Filed Cases***.  This order shall also apply to related cases later filed in, removed to, or transferred to this Court.

### *6. Pending Motion to Stay.*

Having carefully considered the papers and pleadings in this action, the *Yang* Plaintiffs' Motion to Stay Remand Proceedings Pending Decisions by the Judicial Panel on Multidistrict Litigation and the District Court for the Northern District of Illinois is hereby denied. (No. 4:13-CV-5941-YGR, Dkt. No. 49.) In an order issued on Tuesday, February 18, the JPML denied reconsideration of its initial transfer order centralizing litigation in this Court. (MDL. No. 2497, Dkt. No. 66.) Thus, the *Yang* Plaintiffs' request to stay remand proceedings pending issuance of that order is moot.

As to the *Yang* Plaintiffs' request that this Court stay remand proceedings pending a decision from the Northern District of Illinois on a motion for reconsideration, the Court hereby denies that request. Moving forward will permit prompt resolution of any jurisdictional questions properly before the Court. Thus, to the extent that a party seeks to bring a motion related to questions of remand over which this Court has jurisdiction, the parties shall comply with the following briefing schedule.

| | |
|---|---|
| Opening Papers: | March 7, 2014 |
| Opposition Papers: | March 21, 2014 |
| Reply: | March 28, 2014 |
| Hearing: | April 11, 2014 at 10:00 a.m. |

This terminates Docket 49.

**IT IS SO ORDERED**.

Dated: February 19, 2014

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

5

**EXHIBIT A**

**TENTATIVE AGENDA FOR INITIAL CONFERENCE**

The primary objective of the initial conference is to develop an initial plan for the "just, speedy, and inexpensive determination" of the litigation. This plan will include procedures for identifying and resolving disputed issues of law, identifying and narrowing disputed issues of fact, carrying out disclosure and conducting discovery efficiently and economically, and preparing for trial in the absence of settlement or summary disposition. The following should help in the development of the case management plan:

- identifying and narrowing issues of fact and law;
- establishing deadlines and limits on joinder of parties and amended or additional pleadings;
- coordinating with related litigation in federal and state courts, including later filings, removals, or transfers, as well as relating all cases for which there is an outstanding motion to relate;
- effecting early resolution of jurisdictional issues;
- referring, if possible, discovery matters to magistrate judges;
- appointing liaison, lead, and trial counsel and special committees, and maintaining time and expense records by counsel;
- reducing filing and service requirements through a master file and orders under Federal Rule of Civil Procedure 5;
- exempting parties from or modifying local rules or standing orders;
- creating schedules and deadlines for various pretrial phases of the case and setting a tentative or firm trial date;
- discussing any unresolved issues of recusal or disqualification;
- evaluating prospects for settlement or possible referral to mediation or other procedures; and
- instituting any other special procedures to facilitate management of the litigation.

**EXHIBIT B**

**AGENDA ITEMS FOR FUTURE CONFERENCES**

- planning for prompt determination of class action questions, including a schedule for discovery and briefing on class issues;
- managing disclosure and discovery;
- setting guidelines and schedules for the disclosure and exchange of digital evidentiary exhibits and illustrative aids;
- establishing procedures for managing expert testimony; and
- setting firm trial date(s).