**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE:**<br><br>**AIR CRASH AT SAN FRANCISCO, CALIFORNIA, ON JULY 6, 2013** | **MDL No.: 2497**<br><br>**ORDER REGARDING CODE OF PROFESSIONAL CONDUCT**<br><br>**THIS DOCUMENT RELATES TO:**<br>**ALL CASES** |

In anticipation of the April 11, 2014 case management conference in the instant matter, all parties and their counsel are hereby **REQUESTED** to review the attached Code of Professional Conduct. (*See* Exhibit A.)

The attached Code is based on the standards established by Santa Clara County Bar Association Code of Professionalism ("SCCBA Code of Professionalism") and was modified to take into account the needs and complexities of another MDL over which this Court presides. Counsel shall be prepared to advise the Court whether they will agree to be bound voluntarily to the Code, and if not, what specific objections exist.

**IT IS SO ORDERED**.

Date: **April 10, 2014**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

# EXHIBIT A

# CODE OF PROFESSIONAL CONDUCT

# PREAMBLE

This Code of Professional Conduct is adopted to apply to all lawyers, including all in-house counsel, who have entered an appearance in this matter.  As lawyers, we owe a duty of professionalism to our clients, opposing parties and their counsel, the courts and other tribunals, and the public as a whole.  Those duties include among others:  civility, professional integrity, personal dignity, candor, diligence, respect, courtesy, cooperation and competence.

This Code is structured to provide a general guiding principle in each area addressed followed by specific examples which are not intended to be all encompassing.  Every attorney that enters an appearance in this matter shall be deemed to have pledged to adhere to the Code.  Counsel are encouraged to comply with both the spirit and letter of this Code.  Nothing in this Code, however, shall be interpreted to contradict or supersede any Order of the Court or agreement between the parties.

This Code should be read in the context of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California (including, specifically, Civil Local Rule 11-4), the standards of professional conduct required of members of the State Bar of California, and each counsel's underlying duty to zealously represent his/her/its client.  Nothing in this Code should be read to denigrate counsel's duty of zealous representation.  However, counsel are encouraged to zealously represent their clients within highest bounds of professionalism.  The legal profession must strive for the highest standards of attorney behavior to elevate and enhance our service to justice.

1. **<u>Responsibilities to the Public</u>**

A lawyer should always be mindful that the law is a learned profession and that among its goals are devotion to public service, improvement of the administration of justice, and the contribution of uncompensated time and civic influence on behalf of persons who cannot afford adequate legal assistance.

2. **<u>Responsibilities to the Client</u>**

A lawyer should work to achieve his or her client's lawful and meritorious objectives expeditiously and as economically as possible in a civil and professional manner.

*For example:*

a.  A lawyer should be committed to his or her client's cause, but should not permit that loyalty to interfere with giving the client objective and independent advice.

b.  A lawyer should advise his or her client against pursuing positions in litigation (or any other course of action) that do not have merit.

3. **<u>Scheduling</u>**

A lawyer should understand and advise his or her client that civility and courtesy in scheduling meetings, hearings, and discovery are expected as professional conduct.

*For example:*

a.  A lawyer should make reasonable efforts to schedule meetings, hearings, and discovery by agreement whenever possible and should consider the scheduling interests of opposing counsel, the parties, witnesses, and the court.  Misunderstandings should be avoided by sending formal notice after agreement is reached.

b.  A lawyer should not arbitrarily or unreasonably withhold consent to a request for scheduling accommodations.

c.  A lawyer should not engage in delay tactics in scheduling meetings, hearings, or discovery.

d.  A lawyer should try to verify the availability of key participants and witnesses before a meeting, hearing, or trial date is set.  If that is not feasible, a lawyer should try to do so

immediately after the meeting, hearing, or trial date is set so that he or she can promptly notify the court and opposing counsel of any likely problems.

  e. A lawyer should (i) notify opposing counsel and, if appropriate, the court as early as possible when scheduled meetings, hearings, or depositions must be cancelled or rescheduled, and (ii) provide alternate dates for such meetings, hearings, or depositions when possible.

  **4.** **Continuances and Extensions of Time**

  Consistent with existing law and court orders, a lawyer should agree to reasonable requests for extensions of time when the legitimate interests of his or her client will not be adversely affected.

  *For example:*

  a. A lawyer should agree to reasonable requests for extensions of time or continuances without requiring motions or other formalities.

  b. Unless time is of the essence, a lawyer should agree as a matter of courtesy to first requests for reasonable extensions of time, even if the requesting counsel previously refused to grant an extension.

  c. After agreeing to a first extension of time, a lawyer should consider any additional requests for extensions of time by balancing the need for prompt resolution of matters against (i) the consideration that should be extended to an opponent's professional and personal schedule, (ii) the opponent's willingness to grant reciprocal extensions, (iii) the time actually needed for the task, and (iv) whether it is likely that a court would grant the extension if asked to do so.

  d. A lawyer should be committed to the notion that the strategy of refusing reasonable requests for extensions of time is inappropriate, and should advise clients of the same.

  e. A lawyer should not seek extensions or continuances for the purpose of harassment or extending litigation.

  f. A lawyer should not condition an agreement to an extension of time on unfair or extraneous terms, except those a lawyer is entitled to impose, such as (i) preserving rights that could be jeopardized by an extension of time or (ii) seeking reciprocal scheduling concessions.

g. By agreeing to extensions, a lawyer should not seek to cut off an opponent's substantive rights, such as his or her right to move against a complaint.

h. A lawyer should agree to reasonable requests for extensions of time when new counsel is substituted for prior counsel.

5. **Service of Papers**

The timing and manner of service of papers should not be calculated to disadvantage or embarrass the party receiving the papers.

*For example:*

a. A lawyer should not serve documents, pleadings, or motions on the opposing party or counsel at a time or in a way that would unfairly limit the other party's opportunity to respond.

b. A lawyer should not serve papers so soon before a court appearance that it inhibits the ability of opposing counsel to prepare for that appearance or to respond to the papers if permitted by law.

c. A lawyer should not serve papers (i) simply to take advantage of an opponent's known absence from the office, or (ii) at a time or in a manner designed to inconvenience an opponent.

d. A lawyer should serve papers by personal delivery, facsimile transmission, or email when it is likely that service by mail, even when allowed, will prejudice the opposing party.

e. A lawyer should serve papers on the individual lawyer known to be responsible for the matter at issue and should do so at his or her principal place of business.

f. A lawyer should never use the mode, timing, or place of serving papers primarily to embarrass a party or witness.

6. **Punctuality**

A lawyer should be punctual in communications with others and in honoring scheduled appearances.

*For example:*

a. A lawyer should arrive sufficiently in advance of trials, hearings, meetings, depositions, or other scheduled events so that preliminary matters can be resolved.

b. A lawyer should promptly notify all other participants when the lawyer will be unavoidably late.

c. A lawyer should promptly notify the other participants when he or she is aware that a participant will be late for a scheduled event.

### 7. Writings Submitted to the Court

Written materials submitted to the court should always be factual and concise, accurately state current law, and fairly represent the parties' positions without unfairly attacking the opposing party or opposing counsel.

*For example:*

a. Facts that are not properly introduced as part of the record in the case should not be used in written briefs or memoranda of points and authorities.

b. A lawyer should avoid denigrating the intelligence, ethics, morals, integrity, or personal behavior of the opposing party, counsel, or witness, unless such matters are at issue in the proceeding.

### 8. Communications with Opponents or Adversaries

A lawyer should at all times be civil, courteous, and accurate in communicating with opponents or adversaries, whether in writing or orally.

*For example:*

a. A lawyer should not draft letters (i) assigning a position to an opposing party that the opposing party has not taken, or (ii) to create a "record" of events that have not occurred.

b. A lawyer should not copy the court on any letter between counsel unless permitted or invited by the court.

9. **Discovery**

A lawyer should conduct discovery in a manner designed to ensure the timely, efficient, cost effective and just resolution of a dispute.

When propounding or responding to written discovery or when scheduling or completing depositions, a lawyer should be mindful of geographic or related timing limitations of parties and nonparties, as well as any relevant language barriers, and should not seek to use such limitations or language barriers for an unfair advantage.

A lawyer should promptly and completely comply with all discovery requirements of the Federal Rules of Civil Procedure.

*For example:*

   **a)  As to Depositions:**

(1)   A lawyer should take depositions only (a) where actually needed to learn facts or information, or (b) to preserve testimony.

(2)   In scheduling depositions, a lawyer shall follow the requirements of Civil Local Rule 30-1, should be cooperative in noticing depositions at mutually agreeable times and locations and shall accommodate the schedules and geographic limitations of opposing counsel and the deponent where it is possible to do so, while also considering the scheduling requirements in the litigation.

(3)   A lawyer representing a deponent that requires translator services or other special requirements shall promptly advise the noticing party of such requirements sufficiently in advance of a scheduled deposition so that counsel may seek to reasonably accommodate the deponent.  A lawyer should be respectful of any translation or other special requirements that a particular deponent might have and should not seek to take unfair advantage of such requirements during a deposition.

(4)   When a deposition is scheduled and noticed by another party for the reasonably near future, a lawyer should ordinarily not schedule another deposition for an earlier date without the agreement of opposing counsel.

(5) A lawyer should only delay a deposition if necessary to address legitimate scheduling conflicts. A lawyer should not delay a deposition for bad faith purposes.

(6) A lawyer should not ask questions about a deponent's personal affairs or question a deponent's integrity where such questions are irrelevant to the subject matter of the deposition.

(7) A lawyer should avoid repetitive or argumentative questions or those asked solely for purposes of harassment.

(8) A lawyer representing a deponent or another party should limit objections to those that are well founded and necessary for the protection of his or her client's interest. A lawyer should remember that most objections are preserved and need be made only when the form of a question is defective or privileged information is sought.

(9) Once a question is asked, a lawyer should not coach the deponent or suggest answers, whether through objections or other means.

(10) A lawyer should not direct a deponent to refuse to answer a question unless the question seeks privileged information, is manifestly irrelevant, or is calculated to harass.

(11) A lawyer should refrain from self-serving speeches during depositions.

(12) A lawyer should not engage in any conduct during a deposition that would not be allowed in the presence of a judicial officer.

### b) As to Requests for Production of Documents:

(1) A lawyer should limit requests for production of documents to cover only those documents that are actually and reasonably believed to be needed for the prosecution or defense of an action. Requests for production of documents should not be made to harass or embarrass a party or witness, or to impose an inordinate burden or expense on the responding party.

(2) A lawyer should not draft requests for production of documents so broadly that they encompass documents that are clearly not relevant to the subject matter of the case.

(3) In responding to requests for production of documents, a lawyer should not interpret the requests in an artificially restrictive manner in an attempt to avoid disclosure.

(4) A lawyer responding to requests for production of documents should withhold documents on the grounds of privilege only where appropriate.

(5) A lawyer should not produce documents in a disorganized or unintelligible fashion, or in a manner calculated to hide or obscure the existence of particular documents.

(6) A lawyer should not delay producing documents to prevent opposing counsel from inspecting documents prior to scheduled depositions or for any other tactical reason.

    c) **As to Interrogatories:**

(1) A lawyer should use interrogatories sparingly and never use interrogatories to harass or impose undue burden or expense on the responding party.

(2) A lawyer should not read or respond to interrogatories in a manner designed to ensure that responses are not truly responsive.

(3) A lawyer should not object to interrogatories unless he or she has a good faith belief in the merit of the objection. Objections should not be made for the purpose of withholding relevant information. If an interrogatory is objectionable only in part, a lawyer should answer the unobjectionable portion.

    10. **Motion Practice**

Motions should be filed or opposed only in good faith and when the issue cannot be otherwise resolved.

*For example:*

    a. Before filing a motion, a lawyer should engage in a good faith effort to resolve the issue. In particular, civil discovery motions should be filed sparingly.

    b. A lawyer should not engage in conduct that forces opposing counsel to file a motion that he or she does not intend to oppose.

    c. In complying with any meet and confer requirement in the Federal Rules of Civil Procedure or other applicable rules, a lawyer should speak personally with opposing counsel or a self-represented party and engage in a good faith effort to resolve or informally limit all applicable issues.

     d.    Where rules permit an *ex parte* application or communication to the court in an emergency situation, a lawyer should make such an application or communication only where there is a bona fide emergency—i.e., when the lawyer's client will be seriously prejudiced if the application or communication were made with regular notice. This applies, *inter alia*, to applications to shorten an otherwise applicable time period.

     **11. <u>Dealing with Nonparty Witnesses</u>**

It is important to promote high regard for the legal profession and the judicial system among those who are neither lawyers nor litigants. A lawyer's conduct in dealings with nonparty witnesses should exhibit the highest standards of civility and be designed to leave the witness with an appropriately good impression of the legal profession and the judicial system.

*For example:*

     a.    A lawyer should be courteous and respectful in communications with nonparty witnesses.

     b.    Upon request, a lawyer should extend professional courtesies and grant reasonable accommodations, unless doing so would materially prejudice his or her client's lawful objectives.

     c.    A lawyer should take special care to protect a witness from undue harassment or embarrassment and to state questions in a form that is appropriate to the witness's age and development.

     d.    A lawyer should not issue a subpoena to a nonparty witness for inappropriate tactical or strategic purposes, such as to intimidate or harass the nonparty.

     e.    As soon as a lawyer knows that a previously scheduled deposition will or will not go forward as scheduled, the lawyer should notify all applicable counsel.

     f.    A lawyer who obtains a document pursuant to a deposition subpoena should, upon request, make copies of the document available to all other counsel at their expense even if the deposition is canceled or adjourned.

### 12. *Ex Parte* Communications with the Court

A lawyer should not communicate *ex parte* with a judicial officer or his or her staff on a case pending before the court, unless permitted by law or Local Court Rule.

*For example:*

a. Even where applicable laws or rules permit an *ex parte* application or communication to the court, a lawyer should make diligent efforts to notify the opposing party or a lawyer known to represent or likely to represent the opposing party before making such an application or communication. A lawyer should make reasonable efforts to accommodate the schedule of an opposing party or his or her counsel to permit them to participate in the *ex parte* proceedings.

### 13. Settlement and Alternative Dispute Resolution

A lawyer should raise and explore the issue of settlement and alternative dispute resolution in every case as soon as the case can be evaluated.

*For example:*

a. A lawyer should always attempt to de-escalate any controversy and bring the parties together.

b. A lawyer should not falsely hold out the possibility of settlement as a means for terminating discovery or delaying trial. In every case, a lawyer should consider whether his or her client's interest could be adequately served and the controversy more expeditiously and economically disposed of by arbitration, mediation, or other form of alternative dispute resolution.

c. A lawyer should advise his or her client at the outset of the availability of alternative dispute resolution.

d. A lawyer involved in an alternative dispute resolution process should participate in good faith, and should not use the process for purposes of delay or other improper purposes.

### 14. Trial and Hearings

A lawyer should conduct himself or herself in trial and hearings in a manner that promotes a positive image of the legal profession, assists the court in properly reviewing the case, and displays appropriate respect for the judicial system.

*For example:*

a.   A lawyer should be punctual and prepared for all court appearances.

b.   A lawyer should always deal with parties, counsel, witnesses, jurors or prospective jurors, court personnel, and the judge with courtesy and civility.

c.   A lawyer should only make objections during a trial or hearing for legitimate and good faith reasons.  A lawyer should not make such objections only for the purpose of harassment or delay.

d.   A lawyer should honor requests made by opposing counsel during trial that do not prejudice his or her client's rights or sacrifice a tactical advantage.

e.   While appearing before the court, a lawyer should address all arguments, objections, and requests to the court, rather than addressing them directly to opposing counsel.

f.   While appearing in court, a lawyer should demonstrate sensitivity to any party, witness, or other lawyer who has requested, or may need, accommodation as a person with physical or mental impairment.  This will help foster full and fair access to the court for all persons.

### 15. Default

A lawyer should not seek an opposing party's default to obtain a judgment or substantive order without giving that opposing party sufficient advance written warning to allow the opposing party to cure the default.

### 16. Social Relationships with Judicial Officers or Court Appointed Experts

A lawyer should avoid even the appearance of impropriety or bias in relationships with judicial officers, arbitrators, mediators, and independent court appointed experts.

*For example:*

11.

a. When a lawyer is assigned to appear before a judicial officer with whom the lawyer has a social relationship or friendship beyond normal professional association, the lawyer should notify opposing counsel (or a self-represented party) of the relationship.

b. A lawyer should disclose to opposing counsel (or a self-represented opposing party) any social relationship or friendship between the lawyer and an arbitrator, mediator, or any independent court appointed expert taking a role in the case, so that the opposing counsel or party has the opportunity to object to such arbitrator, mediator, or expert receiving the assignment.

### 17. Privacy

All matters should be handled with due respect for the privacy rights of parties and non-parties.

*For example:*

a. A lawyer should not inquire into, nor attempt to use, nor threaten to use, facts about the private lives of any party or other individuals for the purpose of gaining an unfair advantage in a case. This rule does not preclude inquiry into sensitive matters that are relevant to a legitimate issue, as long as the inquiry is pursued as narrowly as is reasonably possible and with due respect for the fact that an invasion into private matters is a necessary evil.

b. If it is necessary for a lawyer to inquire into such matters, the lawyer should cooperate in arranging for protective measures designed to ensure that the private information is disclosed only to those persons who need to present it as relevant evidence to the court.

### 18. Communication About the Legal System and With Participants

Lawyers should conduct themselves with clients, opposing counsel, parties and the public in a manner consistent with the high respect and esteem which lawyers should have for the courts, the civil and criminal justice systems, the legal profession and other lawyers.

*For example:*

a. A lawyer's public communications should at all times and under all circumstances reflect appropriate civility, professional integrity, personal dignity, and respect for the legal

system. This rule does not prohibit good faith, factually based expressions of dissent or criticism made by a lawyer in public or private discussions having a purpose to motivate improvements in our legal system or profession.

   b. A lawyer should not make statements which are false, misleading, or which exaggerate, for example, the amount of damages sought in a lawsuit, actual or potential recoveries in settlement or the lawyer's qualifications, experience or fees.

   c. A lawyer should not create a false or misleading record of events or attribute to an opposing counsel a position not taken.

   d. A lawyer should not fail or refuse without justification to respond promptly by returning phone calls or otherwise responding to calls and letters of his or her clients, opposing counsel and/or self-represented parties.

   e. A lawyer who is serving as a prosecutor or defense counsel should conduct himself or herself publicly and within the context of a particular case in a manner that shows respect for the important functions that each plays within the criminal justice system, keeping in mind that the defense of an accused is important and valuable to society as is the prosecution.

   f. A lawyer should refrain from engaging in conduct that exhibits or is intended to appeal or engender bias against a person on account of that person's race, color, religion, sex, national origin, sexual orientation, or disability, whether that bias is directed to other counsel, court personnel, witnesses, parties, jurors, judges, judicial officers or any other participants.

  **19. Redlining**

  A lawyer should clearly identify for other counsel or parties all changes that a lawyer makes in documents.